NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11771

COMMONWEALTH  vs.  RAMON TORRES.

February 23, 2015.

Controlled Substances.  Constitutional Law, Plea, Conduct of government agents.  Due Process of Law, Plea, Presumption.  Practice, Criminal, Plea, Conduct of government agents, Presumptions and burden of proof.  Evidence, Guilty plea, Certificate of drug analysis, Presumptions and burden of proof.  Notary Public.

In January, 2008, the defendant, Ramon Torres, pleaded guilty to distribution of a class B substance, in violation of G. L. c. 94C, § 32A, and was sentenced to serve one year in a house of correction.  In April, 2013, in light of problems that surfaced at the William A. Hinton State Laboratory (Hinton drug lab or lab), and with Annie Dookhan in particular, he filed a motion to withdraw his guilty plea and for a new trial.[1]  After a hearing, a judge in the District Court, who was also the judge who had accepted the defendant's guilty plea, denied the motion.  The defendant appealed, and we transferred his appeal to this court on our own motion.

According to the Brockton police department arrest report, the defendant was arrested after selling an off-white rock-like substance to an undercover police officer.  Both a field test,

---

[1] For a detailed description of the investigation of the William A. Hinton State Laboratory, the indictment of Annie Dookhan, and Dookhan's guilty pleas, see Commonwealth v. Scott, 467 Mass. 336, 337-342 (2014).

conducted by the police, and a subsequent test at the Hinton drug lab indicated that the substance was cocaine.  The certificate of drug analysis associated with the lab testing was signed by assistant analysts Kate Corbett and Della Saunders.  Dookhan signed the certificate as a notary public.

We recently considered, in several cases, the effect of Dookhan's misconduct on a defendant's motion to withdraw a guilty plea on the basis of that misconduct.  See Commonwealth v. Scott, 467 Mass. 336, 337 (2014), and cases cited.  In Scott, we adopted the two-part analysis set forth in Ferrara v. United States, 456 F.3d 278, 290 (1st Cir. 2006), for cases involving alleged government misconduct leading to a guilty plea.  Scott, supra at 346.  The first prong of the Ferrara analysis requires a defendant to show that egregious government misconduct "preceded the entry of his guilty plea and that it is the sort of conduct that implicates the defendant's due process rights."  Id. at 347, citing Ferrara, supra at 290, 291.  The second prong requires a defendant to demonstrate that "the misconduct influenced his decision to plead guilty or . . . that it was material to that choice."  Scott, supra at 346, quoting Ferrara, supra at 290.

On the basis of Dookhan's misconduct, her guilty pleas, and the related investigation of the Hinton drug lab, we held in Scott that where Dookhan has

> "signed the certificate of drug analysis as either the primary or secondary chemist . . . the defendant is entitled to a conclusive presumption that Dookhan's misconduct occurred in his case, that it was egregious, and that is attributable to the Commonwealth."

Scott, 467 Mass. at 338.  In such cases, the defendant must still "demonstrate a reasonable probability that he would not have pleaded guilty had he known of Dookhan's misconduct."  Id. at 355.  In other words, the first prong of the Ferrara analysis is presumptively met, and the defendant need only demonstrate the second prong.  As we noted in Scott, however, the "rule does not extend . . . to cases in which Dookhan signed the . . . certificate in her role as a notary public."  Scott, supra at 352 n.8.  See Commonwealth v. Garner, 467 Mass. 363, 369 (2014) (noting that holding in Scott does not extend to cases in which Dookhan signed certificate as notary).

Such are the circumstances here, as the defendant recognizes.  He argues, however, that while he is not entitled

to the benefit of the presumption of egregious government misconduct because Dookhan signed the certificate only as the notary, he is nonetheless entitled to an opportunity to demonstrate (without the benefit of the presumption) egregious government misconduct in his case.  We agree.  Nothing in Scott forecloses a defendant from trying to demonstrate both prongs of the Ferrara analysis in cases where the presumption of misconduct does not apply.

The defendant filed, and the trial court denied, his motion to withdraw his guilty plea in April, 2013, before this court had decided Scott.  His appeal was subsequently stayed in the Appeals Court pending our decision in that case.  We now vacate the order denying the defendant's motion and remand the case for further consideration in accordance with Scott and this decision.  The defendant may, if he wishes to do so, file a new motion for a new trial.[2,3]

So ordered.

Mathew J. Koes for the defendant.
Stacey L. Gauthier, Assistant District Attorney, for the Commonwealth.

---

[2] We express no view whether or how the defendant can show egregious government misconduct, which is a matter, in the first instance, for the trial court.

[3] Before we transferred the defendant's appeal to this court, the Commonwealth filed a motion to strike certain materials from the defendant's record appendix and any references in his brief to those materials because they were not a part of the record before the trial court.  We allow the Commonwealth's motion, and have not considered the materials. We express no view, however, whether the materials may be considered by the trial court, should the defendant file a new motion to withdraw his guilty plea.